## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RANDOLPH W. ROBINSON,**
**#91425-020,**

**Petitioner,**

     **vs.**

**JAMES N. CROSS, Jr.**

**Respondent.**                   **Case No. 15-cv-00191-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

       Petitioner Randolph Robinson, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Robinson challenges his 2006 conviction for the use of a firearm during the commission of a bank robbery. He asks this Court to set aside the conviction in light of the Supreme Court's recent decision in *Rosemond v. United States*, --- U.S. ---, 134 S. Ct. 1240 (2014). According to the petition, Robinson's conviction was based on aiding and abetting liability, and the jury instructions allowed the jury to convict him without first finding that he had any actual advance knowledge that a co-conspirator would use or carry a gun during a crime of violence.

       This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

## I.   **Habeas Petition**

According to the petition, an African-American male entered Wachovia Bank in Columbus, Georgia, on September 9, 2005 (Doc. 1, p. 4).  The individual carried a "box-type device" into the bank, set it down, and claimed that it was a bomb.  He ordered everyone "not to move and give me all your hundreds" (*Id.*). As he proceeded down the teller line, the individual pulled out an automatic pistol and pointed it at a witness.  Several others observed the gun.  The bank robber was subsequently identified as John McGregory McQueen.  He was arrested and indicted on multiple counts, along with two co-defendants.

Robinson was one of these co-defendants.  On October 20, 2005, Robinson was charged with the following crimes: (1) conspiracy to defraud the United States in violation of 18 U.S.C. § 371; (2) bank robbery by force or violence in violation of 18 U.S.C. § 2113(a); (3) use of a firearm during the commission of a crime in violation of 18 U.S.C. § 924(c); and (4) unlawful transport of firearms in violation of 18 U.S.C. § 922(g).  *See United States v. Robinson, et al.*, No. 08-cv-90009-CDL (M.D. Ga. 2005) ("criminal case").  Following a jury trial, he was found guilty of the first three offenses on September 14, 2006 (Doc. 122, criminal case).

On December 18, 2006, Robinson was sentenced to a total prison term of 161 months, which consisted of the following: 60 months of imprisonment and 5 years of supervised release for Count 1; 77 months of imprisonment, to run concurrently with Count 1, and 5 years of supervised release for Count 2; and 84 months of imprisonment, to run consecutively with Counts 1 and 2, and 5 years of supervised release for Count 3 (Doc. 134, criminal case). Robinson was also ordered to pay restitution in the amount of $7,565.11, along with a $100.00 mandatory court assessment. Judgment was entered against Robinson on December 28, 2006 (Doc. 137, criminal case).

He filed a direct appeal on January 3, 2007. *United States v. Robinson*, No. 07-10100 (11th Cir. 2007) (Doc. 138, criminal case). Robinson challenged the district court's exclusion of certain testimony as inadmissible hearsay and the district court's refusal to read a jury instruction addressing his alibi defense (Doc. 156-2, p. 2, criminal case). The Eleventh Circuit affirmed the district court's decisions on August 16, 2007 (Doc. 156-2, criminal case).

Robinson sought relief pursuant to 28 U.S.C. § 2255 on two occasions: first, in 2008, on ineffective assistance and evidentiary grounds (Doc. 159, criminal case), and, second, in 2014, under *Rosemond v. United States*, --- U.S. ---, 134 S. Ct. 1240 (2014). Relief was denied (Docs. 168, 172, 185, criminal case).

In the instant Section 2241 petition, Robinson challenges his conviction for the use of a firearm during the commission of a crime in violation of 18 U.S.C.

§ 924(c).   Specifically, Robinson contends that a recent change in the law announced in *Rosemond v. United States*, --- U.S. ---, 134 S. Ct. 1240 (2014), requires the government to establish that a defendant had prior knowledge of a co-conspirator's intent to carry a gun during the commission of a crime, in order to sustain a conviction under 18 U.S.C. § 924(c), based on aiding and abetting liability.  *Id.* at 1248-51.  Robinson argues that he did not participate in the actual robbery, consent to the use of a firearm in the commission of a crime, or have any knowledge that a gun would be used.  Even so, the jury found him guilty of the firearm offense because he was part of the robbery.  The jury instructions that pertain to this matter have been revised in light of *Rosemond*.  Robinson now asserts that the "savings clause" under 28 U.S.C. § 2255(e) allows him to proceed with his claim that this Court should vacate his conviction under 18 U.S.C. § 924(c).

## II.   Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement."  *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *see also Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) ("In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255.").

Robinson is clearly attacking his conviction, and thus a motion brought pursuant to Section 2255 is typically the proper avenue of relief.

Under limited circumstances, a prisoner may use Section 2241 to challenge his conviction. Section 2255 contains a "savings clause" which allows a prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The mere fact that a petitioner may be barred from bringing a second Section 2255 petition is not, in and of itself, sufficient to render Section 2255 inadequate. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). Instead, a petitioner must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction. *Id.* at 611.

A petitioner must satisfy three conditions to come within the savings clause: first, he must rely on a statutory interpretation case rather than a constitutional case; second, he must rely on a retroactive decision that he could not have invoked in his first Section 2255 motion because the position was "foreclosed by binding precedent" at the time; and third, he must show that there has been a "fundamental defect" in his conviction that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586-87 (7th Cir. 2012).

Robinson relies on the Supreme Court's decision in *Rosemond*. Upon review of *Rosemond* in light of the petition, the Court concludes that further review of this matter is necessary, given the current landscape of the law.

Without commenting on the merits of Rosemond's petition, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.  Accordingly, a response shall be ordered.

### III.   <u>Disposition</u>

**IT IS HEREBY ORDERED** that Respondent Warden James Cross, Jr. shall answer the petition or otherwise plead on or before April 27, 2015.[1]   This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

not later than seven days after a transfer or other change in address occurs.

Failure to provide such notice may result in dismissal of this action.

*See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 25, 2015**

Digitally signed by
David R. Herndon
Date: 2015.03.25
15:05:04 -05'00'

**United States District Court**